IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EUGENE NELSON,

      Plaintiff,

vs.

                                Civil Action No. 17-CV-769
PAMELA RADTKE,                    [Trial by Jury Demanded]
LA CROSSE COUNTY,
and ONE OR MORE JOHN DOES,

      Defendants.

## COMPLAINT

### NATURE OF ACTION

1.      This is a civil rights action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution brought to redress the injuries inflicted on the Plaintiff by the Defendants when the Defendants destroyed biological evidence in their possession that they were mandated to preserve pursuant to the Wisconsin statutes, thereby violating Plaintiff's right to due process of law under the Fourteenth Amendment to the United States Constitution.

### JURISDICTION AND VENUE

**A.      Jurisdiction**

2.      Jurisdiction over the subject matter of this action is conferred by 28 U.S.C. §§ 1331, 1343(a)(3)-(4).

**B.      Venue**

3.      Venue is properly laid in the Western District of Wisconsin because a substantial part of the events giving rise to the claim occurred in La Crosse County, within the Western District of Wisconsin. 28 U.S.C. § 1391(b)(2).

<u>PARTIES</u>

**A.      Plaintiff**

4.      Plaintiff Eugene Nelson is an adult citizen of the United States and a resident of the State of Wisconsin.

**B.      Defendants**

5.      Defendant Pamela Radtke is an adult citizen of the United States and a resident of the State of Wisconsin who served as the Clerk of Circuit Court for La Crosse County when biological evidence from Plaintiff's criminal trial that was in the Clerk of Court's possession was destroyed in contradiction to relevant Wisconsin statutes, thereby violating the Plaintiff's right to due process of law under the Fourteenth Amendment.

6.      Defendant La Crosse County is a municipal corporation, organized under the laws of the State of Wisconsin. La Crosse County is a "person" for purposes of 42 U.S.C. § 1983 and a "public entity" under 42 U.S.C. § 12131(1). Acting through the La Crosse County Clerk of Court, La Crosse County is responsible for training, supervising, and disciplining clerk of court staff; adopting, implementing, and enforcing clerk of court policies and practices; and ensuring that clerk of court staff do not violate the due process rights of criminal defendants. The County of La Crosse is liable for the clerk of court's policies, practices, and customs that caused the harm alleged below. Under Wis. Stat. §

895.46(1)(a), La Crosse County is required to pay or indemnify all judgments, including for compensatory and punitive damages, attorneys' fees, and costs that may be awarded against its officials and employees.

7.      Defendants One or More John Does are unnamed adult citizens of the United States and residents of the State of Wisconsin who were employees or agents of La Crosse County at all times relevant hereto and who were additionally responsible for the destruction of biological evidence from Plaintiff's criminal trial that was in the La Crosse County Clerk of Court's possession, thereby violating the Plaintiff's right to due process of law under the Fourteenth Amendment.

8.      All defendants named above were acting under color of state law during the relevant time period and are sued in their individual capacities.

## ALLEGATIONS OF FACT AS TO CAUSE OF ACTION

9.      In 1985, Plaintiff was charged in the La Crosse County Circuit Court with various criminal acts alleged to have occurred in La Crosse County, including, as is relevant to this action, sexual assault.

10.      Plaintiff was simultaneously prosecuted in three separate cases, but only one of those cases is relevant to this action: La Crosse County Circuit Court case number 1985CF846.

11.      Plaintiff's trial commenced in 1986.

12.      At that trial, the prosecution introduced various pieces of biological evidence that were individually labeled as Exhibits 14-A, 14-B, 14-C, 14-D, and 14-E (hereinafter referred to as "the biological exhibits"), which originated from an

examination of the victim in case number 1985CF846 that had been performed at the hospital.

13.     The prosecution relied on the biological exhibits to prove its case against Plaintiff.

14.     Namely, the prosecution presented testimony of a forensic examiner regarding hair sample analysis done on the biological exhibits, which linked Plaintiff to the crime scene based on the examiner's comparison of hairs collected from him and from the victim, which were amongst the biological exhibits.

15.     The prosecution additionally presented testimony from a forensic examiner that, when tested, Plaintiff's saliva showed a biological trait—non-secretion of blood substances—that was also present in the semen and sperm that were found on some of the biological exhibits.

16.     In other words, the prosecution used the biological exhibits and tests performed thereon to identify Plaintiff as the victim's assailant in case number 1985CF846.

17.     No DNA testing was ever performed on the biological exhibits, and thus no DNA evidence was presented at trial.

18.     Following trial, Plaintiff was found guilty and, on November 10, 1986, sentenced to a total term of imprisonment of forty-five years.

19.     After trial, the biological exhibits were placed with the La Crosse County Clerk of Circuit Court to be maintained as part of the court file.

20.     Nine years later, in 1995 and on Plaintiff's motion, the circuit court modified Plaintiff's sentence to a thirty-four-year term of imprisonment followed by a fifteen-year term of probation.

21.     Pursuant to Plaintiff's modified sentence, he would not discharge from his sentence in case number 1985CF846 until sometime in 2034.

22.     In early 2014, while Plaintiff was still serving his sentence in the above-numbered case, he wanted to conduct DNA testing on the biological exhibits, pursuant to Wis. Stat. § 974.07, which grants convicted persons who are serving a Wisconsin sentence the right to such testing.

23.     However, when Plaintiff contacted the La Crosse County Clerk of Court, he learned that the biological exhibits had been destroyed on or about April 30, 2003.

24.     Effective September 1, 2001, Wisconsin circuit courts were required to preserve for the duration of a person's sentence any trial exhibit containing biological evidence that was then in the circuit court's possession. *See* Wis. Stat. § 757.54(2); *see also* 2001 Wis. Act 16, §§ 3780c.-d., 9400.

25.     The relevant statutes require Wisconsin circuit courts to "ensure" that any exhibit that "includes any biological material that was collected in connection with the action or proceeding . . . is preserved until every person in custody as a result of the action or proceeding . . . has reached his or her discharge date." Wis. Stat. § 757.54(2)(b).

26.     The court responsible for retaining biological evidence is the court that presided over the criminal action. *Id.*

-5-

27.     For purposes of the relevant statute, "custody" includes probation and parole. Wis. Stat. § 968.205(1)(a).

28.     A person's "discharge date" is the "the date on which a person is released or discharged from custody that resulted from a criminal action . . . or, if the person is serving consecutive sentences of imprisonment, the date on which the person is released or discharged from custody under all of the sentences." Wis. Stat. § 968.205(1)(b).

29.     Thus, pursuant to the relevant statutes, Wisconsin circuit courts must retain for the duration of a person's sentence—including any time spent on parole or probation—any exhibit that contains biological evidence collected in connection with the underlying criminal case.

30.     Because Plaintiff was prosecuted in the La Crosse County Circuit Court and the biological exhibits were received into evidence during his trial, Defendants La Crosse County and Pamela Radtke, acting as the La Crosse County Clerk of Court, were obligated by statute to ensure retention of the biological exhibits until 2034.

31.     However, the Defendants La Crosse County, Pamela Radtke, and One or More John Does, by their action or inaction, failed to retain the biological exhibits and instead destroyed them circa 2003.

32.     In conjunction with the evidence retention statutes, the Wisconsin Legislature simultaneously created a statutory right to DNA testing of biological evidence in state custody. 2001 Wis. Act 16 § 4028j; *see also* Wis. Stat. § 974.07.

33.     The reasoning behind the evidence retention statutes was to make such evidence available for DNA testing, as is demonstrated by the simultaneous creation of a statutory right to DNA testing of biological evidence in state custody.

34.     By creating the affirmative duty to preserve all biological evidence entered into evidence against a defendant at trial in a criminal action, the Wisconsin Legislature put the government agencies controlled by the relevant statutes on notice that biological evidence is important to the administration of criminal justice.

35.     The Wisconsin Legislature, by creation of the evidence retention statutes, also established when the conduct of government actors is outside the scope of normal practice.

36.     That is to say, the evidence retention statutes explicitly outline the several duties that government agencies need to fulfill. Most obviously, they outline the government agencies' duty to preserve all evidence collected during the course of a criminal prosecution that leads to a conviction. However, the statutes also outline the steps that government actors must take to validly destroy biological evidence in their possession.

37.     A violation of the evidence retention statutes therefore necessarily means that the culpable government actor did not abide by the explicit statutory requirements for either preservation or destruction. The failure of a governmental actor to conform its conduct with evidence retention statutes and, instead, to act in contradiction thereto is bad faith.

38.     The government's bad faith destruction of potentially exculpatory evidence in a criminal case violates the defendant's constitutional right to due process. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Wisconsin has before recognized that the due process requirement to preserve exculpatory evidence applies equally before and after conviction. *State v. Parker*, 2002 WI App 159, ¶ 13, 256 Wis. 2d 154, 647 N.W.2d 430.

39.     In Plaintiff's case, the destruction of the biological exhibits after the effective date of the statutory scheme that mandated their preservation violated Plaintiff's constitutional right to due process because it constituted the bad-faith destruction of evidence that was potentially exculpatory.

40.     The biological exhibits were potentially exculpatory because Plaintiff was prosecuted for sexual assault and the biological exhibits were comprised of hair, semen, and sperm samples obtained from the victim at the hospital following her assault that purportedly came from her assailant.

41.     The biological exhibits thus contained the potential, on DNA testing, to exclude Plaintiff as the victim's assailant; they were thus potentially exculpatory.

42.     The validity of hair-sample comparison as an identification tool has been called into question since it was used in Plaintiff's trial for that purpose.

43.     DNA analysis of hairs found on the victim—such as existed in the biological exhibits—is recognized as a far more reliable manner of including or excluding a suspect as the perpetrator.

44.     Additionally, DNA testing of the semen and sperm contained in the biological exhibits would have determined whether Plaintiff was the source, whereas the

testimony at Plaintiff's trial was more limited—based on the secretion evidence, the examiner could state that Plaintiff, along with another twenty percent of the world's population, could have been the source.

45.     The biological exhibits were thus potentially exculpatory evidence, and the Wisconsin statutes required the Defendants to retain them.

46.     Defendant Radtke, as the Clerk of Court for La Crosse County, had possession of the biological exhibits at the time the evidence retention statutes were enacted in 2001.

47.     Defendant Radtke also had possession of the biological exhibits at the time that they were destroyed circa 2003.

48.     Defendant Radtke was subject to the provisions of the evidence retention statutes, but nonetheless acted in contradiction to them and did not preserve the biological exhibits; instead, she either authorized or did not prevent the destruction of the biological exhibits in contradiction to the evidence retention statutes.

49.     Defendant Radtke's failure to act in accordance with the evidence retention statutes constitutes the bad faith destruction of potentially exculpatory evidence, violating Plaintiff's Fourteenth Amendment right to due process.

50.     The County of La Crosse, in its supervisory authority over Defendant Radtke, also violated Plaintiff's due process rights by its having adopted, implemented, and enforced policies and practices that resulted in the destruction of the biological exhibits in contradiction to the evidence retention statutes.

51.     Defendants One of More John Does, in their role as employees of the County of La Crosse, also violated Plaintiff's due process rights by their actions or inactions, which directly resulted in the bad-faith destruction of the biological exhibits in contradiction to the evidence preservation statutes.

## VIOLATIONS OF LAW

52.     The individual defendants herein, in their individual capacities and acting under the color of state law while in the course and scope of their employment, violated Plaintiff's right to the due process of law, secured by the Fourteenth Amendment to the United States Constitution, by failing to retain potentially exculpatory evidence that state law required them to retain and instead destroyed them in bad faith.

## DAMAGES

53.     By virtue of the defendants' unlawful actions alleged above, Plaintiff has sustained out-of-pocket expenses, physical, mental and emotional distress, lost wages and loss of future earning capacity, for all of which he seeks compensatory and punitive damages in amounts deemed just by the Court.

## DEMAND FOR JURY TRIAL

54.     Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment awarding the Plaintiff compensatory and punitive damages in the amounts deemed just by the Court, make-whole equitable relief, and the reasonable costs and expenses of this action including a reasonable attorney's fees and litigation costs, as well as such other and further relief as may be just.

Dated this 6th day of October, 2017.

PINIX & SOUKUP, LLC
Attorneys for Plaintiff Eugene Nelson

/s/Matthew S. Pinix
Matthew S. Pinix, SBN 1064368
1200 East Capitol Drive, Suite 360
Milwaukee, Wisconsin 53211
T: 414.963.6164
F: 414.967.9169
matthew@pinixsoukup.com
www.pinixsoukup.com